**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4757**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

KENNETH D. JEFFERSON,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:09-cr-00045-JRS-1)

Submitted: April 26, 2010          Decided: May 24, 2010

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Nia A. Vidal, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth D. Jefferson appeals his jury conviction and 108-month sentence for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). After reviewing the record and considering Jefferson's assignments of error, we affirm Jefferson's conviction but vacate his sentence and remand for resentencing.

Jefferson first asserts that the district court erred when it excluded from evidence a Government witness's prior felony convictions, in accordance with Fed. R. Evid. 609(b). We review the district court's determination regarding the admissibility of evidence for an abuse of discretion. United States v. Hedgepeth, 418 F.3d 411, 418-19 (4th Cir. 2005). "An abuse of discretion occurs only when a trial court has acted 'arbitrarily' or 'irrationally' in admitting evidence, when a court has failed to consider 'judicially recognized factors constraining its exercise' of discretion, or when it has relied on 'erroneous factual or legal premises.'" Id. at 419 (internal citations omitted). We conclude that the district court did not abuse its discretion when it excluded evidence of the witness's prior convictions.

Jefferson next asserts that the district court erred when it denied his request for an ex parte witness subpoena to recall the Government witness after she was excused without

objection. While an unjustified denial of a Fed. R. Crim. P. 17(b) application "may violate a defendant's right of compulsory process, such motions are committed to the trial court's sound discretion." United States v. Butler, 885 F.2d 195, 200 (4th Cir. 1989). "In this circuit, a trial judge's discretion to deny a [R]ule 17(b) motion made after the beginning of trial is comparable to his discretion in ruling on a motion for a continuance to secure a witness during trial." Id. (internal citation and quotation marks omitted). We find no reversible error in the district court's refusal to grant Jefferson's application.

Jefferson last asserts that the district court erred when it imposed his 108-month sentence without an adequate explanation. After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence on appeal for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

3

adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We find that the district court procedurally erred when it sentenced Jefferson to 108 months in prison without stating in open court the particular reasons supporting the sentence. Not only did the district court fail to respond to the arguments Jefferson raised at the sentencing hearing, the district court also failed to indicate that it even considered Jefferson's arguments in rendering the sentence or that it considered the § 3553(a) factors. The Government's assertions to the contrary, we simply cannot presume that, under the circumstances of this case, Jefferson would not have received a lesser sentence had the district court explicitly considered his non-frivolous arguments for a sentence at the bottom of his Guidelines range. See United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

Based on the foregoing, we affirm Jefferson's conviction but vacate his sentence and remand to the district court for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>