**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5078**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHRISTOPHER EARL DAVIS, a/k/a Snake Bite, a/k/a Earl Davis,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (4:06-cr-00023-F-2)

Submitted: June 28, 2010    Decided: July 13, 2010

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Earl Davis appeals the district court's imposition of a twenty-four month sentence following the revocation of his supervised release. On appeal, Davis contends that his sentence is plainly unreasonable because the district court failed to address his arguments for a lower sentence. Finding no reversible error, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The relevant applicable § 3553(a) factors to be considered are: "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need for the sentence "to afford adequate deterrence to criminal conduct; . . . protect the public from further crimes of the defendant; and . . . provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (2)(B)-(D).

Our first step in evaluating a sentence imposed upon revocation of supervised release is to decide whether the sentence is unreasonable. Crudup, 461 F.3d at 438; Thompson,

595 F.3d at 546. In doing so, we generally follow "the procedural and substantive considerations" employed in reviewing original sentences. Crudup, 461 F.3d at 438. While the district court need not explain the reasons for the sentence in as much detail as when imposing the original sentence, "it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). Additionally, the district court should address the defendant's nonfrivolous reasons for imposing a sentence different from the advisory sentencing range. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We find that the district court's sentence was not unreasonable. In handing down the sentence, the district court took into account the U.S. Sentencing Guidelines Manual Chapter 7 policy statements and clearly considered the applicable § 3553(a) factors in arriving at a sentence. The district court also adequately addressed Davis' arguments in its explanation. Thus, we find that the sentence imposed by the district court was not unreasonable in light of the circumstances.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED