**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4350**

———————

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　v.

BARRY GLEN THOMPSON, a/k/a Berry G. Thompson,

　　　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg.　Joseph R. Goodwin, Chief District Judge.　(6:95-cr-00115-1)

———————

Submitted:　July 23, 2010　　　　　Decided:　August 9, 2010

———————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.　R. Booth Goodwin II, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Glen Thompson appeals the eighteen-month sentence imposed by the district court upon revocation of his supervised release. We previously vacated the sentence and remanded for resentencing because the district court failed to explain adequately its choice of an eighteen-month term of imprisonment. United States v. Thompson, 595 F.3d 544 (4th Cir. 2010). On remand, the district court provided its reasoning and re-imposed the same sentence. Thompson contends that the sentence is unreasonable because the district court plainly erred on remand by incorrectly stating that he was exposed to a statutory maximum sentence of three years imprisonment, rather than two years. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. Thompson, 595 F.3d at 546; United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). However, only if we conclude that a sentence is procedurally or substantively unreasonable will we consider whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 439.

At the first sentencing hearing, the district court correctly stated the statutory maximum of two years, then proceeded to impose a sentence of eighteen months imprisonment.

2

On remand, the statutory maximum was never in dispute. The court misspoke when it stated that the maximum was three years rather than two years; however, the court's explanation for the sentence reveals that it did not reconsider the eighteen-month sentence on remand, but simply provided an explanation for the sentence as directed. The court's misstatement of the statutory maximum was error; however, the error did not affect the sentence or Thompson's substantial rights. See United States v. Olano, 507 U.S. 725, 732-37 (1993) (stating standard). Therefore, although Thompson has identified a procedural error, the sentence was not unreasonable.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3