**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4735**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LARRY WEAVER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:03-cr-00394-JRS-22)

Submitted:  August 12, 2010        Decided:  August 20, 2010

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Edwin F. Brooks, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Weaver pled guilty in December 2003 to one count of conspiracy to possess with the intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 135 months' imprisonment, followed by a five-year term of supervised release. The prison term was subsequently reduced to sixty-seven months' imprisonment as a result of Weaver's substantial assistance to the Government, see Fed. R. Crim. P. 35(b), and then to time served as a result of a retroactive amendment to the Sentencing Guidelines, see 18 U.S.C. § 3582(c)(2) (2006).

Weaver began serving his term of supervised release in July 2008. Between March and May 2009, however, Weaver violated the conditions of his supervised release by failing to submit to urinalysis testing on eight occasions and pleading guilty to misdemeanor assault in state court. Weaver admitted to these violations at the revocation hearing. The district court revoked Weaver's supervised release and sentenced him to thirty-six months' imprisonment, followed by a three-year term of supervised release. Weaver appeals, arguing that the thirty-six month prison sentence is plainly unreasonable because the district court failed to consider applicable 18 U.S.C. § 3553(a) (2006) factors and relied on improper considerations in imposing the sentence.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm if the sentence is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the U.S. Sentencing Guidelines Manual Chapter 7 policy statements and the 18 U.S.C. § 3553(a) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2010); Crudup, 461 F.3d at 440. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it "still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence

3

imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted).

After review of the record, we conclude that the thirty-six month prison sentence, although above the advisory policy statement range of five to eleven months' imprisonment, is not unreasonable. It is undisputed that the sentence falls within the applicable statutory maximum. See 18 U.S.C.A. § 3583(e)(3). The district court considered the advisory policy statement range and the argument of Weaver's counsel. It is apparent that the court considered relevant § 3553(a) factors, addressing on the record the nature and circumstances of Weaver's violative behavior and the need for the sentence to protect the public from further crimes by Weaver. See 18 U.S.C. § 3553(a)(1), (2)(C). The court's comments also indicate that it imposed a sentence above the policy statement range as a result of Weaver's breach of trust, despite prior lenient treatment. See USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). We conclude that the district court adequately explained its rationale for imposing the thirty-six month prison sentence and relied on proper considerations in doing so. Based on the broad discretion that

4

a district court has to revoke a term of supervised release and impose a prison term up to and including the statutory maximum, Weaver's sentence is not unreasonable. Therefore, we conclude that Weaver's sentence is not plainly unreasonable. See Crudup, 461 F.3d at 438-39.

Accordingly, we affirm the district court's order revoking Weaver's supervised release and imposing a thirty-six month prison sentence and a three-year term of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED