**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4554**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NICHOLAS R. CHAPMAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:08-cr-00164-1)

Submitted:  October 4, 2010        Decided:  October 21, 2010

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas R. Chapman appeals his thirty-six month sentence imposed on revocation of his probation. We affirm.

Chapman, who requested a variance in this case, makes a single contention on appeal: the district court imposed a plainly unreasonable sentence because the court allegedly failed to offer an individualized explanation for the sentence. We do not agree.

We "review probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). The first step in this analysis is a determination of whether the sentence was unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining reasonableness, we generally follow the procedural and substantive considerations employed in reviewing original sentences. Id. However, "[t]his initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." Moulden, 478 F.3d at 656 (quoting Crudup, 461 F.3d at 438).

Although the district court must consider the U.S. Sentencing Guidelines Manual Chapter 7 policy statements and the requirements of 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583 (2006),

2

"the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum." Moulden, 478 F.3d at 657 (citing Crudup, 461 F.3d at 439). In Chapman's case, the statutory maximum revocation sentence was ten years.

"The court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but this statement 'need not be as specific as has been required' for departing from a traditional guidelines range." See United States v. Thompson, 595 F.3d 544 (4th Cir. 2010) (citing Moulden, 478 F.3d at 657). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis--whether the sentence was plainly unreasonable. Crudup, 461 F.3d at 438-39.

A sentence is procedurally unreasonable only when the district court commits a "significant procedural error" in imposing the sentence. United States v. Curry, 523 F.3d 436, 439 (4th Cir. 2008). A district court commits a significant procedural error by: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines." Gall v. United States,

3

552 U.S. 38, 51 (2007); see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while an "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). In this case, Chapman contends that the district court committed procedural error by failing to include an adequate statement of reasons justifying the sentence it imposed.

After reviewing the record, we conclude that the district court did not impose an unreasonable sentence, let alone one that is plainly so. The court discussed Chapman's initial sentencing (where he was placed on probation), his attempts to receive substance abuse treatment, and the faith shown in him by the court and by the Probation Office. Nevertheless, the court concluded that Chapman's probation violations (which included possession with intent to deliver marijuana) were significantly serious as to justify the term of imprisonment imposed. This explanation was not inadequate.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED