**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4148**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LOY BONEY,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:01-cr-00064-F-1)

Submitted:  October 25, 2010     Decided:  November 10, 2010

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Loy Boney appeals the sixty-month sentence imposed upon revocation of his term of supervised release. Boney argues on appeal that his sentence is procedurally unreasonable because the district court improperly considered factors not permitted by 18 U.S.C. § 3583(e) (2006). We affirm.

We will not disturb a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citation omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal sentencing

guidelines manual, as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006).  Chapter Seven provides, "at revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  USSG ch. 7, pt. A(3)(b).  Section 3583 approves consideration of a majority of the factors listed in § 3553(a), omitting only two.  18 U.S.C. § 3583(e).  Among the omitted factors is the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).

Citing Crudup, Boney contends that his sentence is plainly unreasonable because the court's upward departure sentence reflected one of the § 3553(a)(2)(A) factors, namely, the seriousness of Boney's revocation offenses.  Specifically, Boney points to the district court's explicit reference to his "continued engagement in criminal conduct activity involving illegal substances" and the fact that three of Boney's arrests cited by the probation officer in the revocation motion involved illegal drugs.  In considering this improper factor, Boney argues, the court failed to give adequate consideration to the sentencing factors that are relevant to supervised release cases.

3

In this case, the district court considered Boney's sentence reduction from his original sentence, Boney's drug treatment and drug use while on supervised release, and his repeated violations of the terms of his supervised release, which included predominantly drug-related offenses. While Boney accurately states the court noted the drug-related nature of the revocation offenses and the number of those violations involving illegal drugs, the district court did not explicitly state it had considered the seriousness of the revocation conduct. In fact, the court clearly considered these facts in the context of assessing the need to protect the public from Boney's future crimes, a required consideration for revocation sentences. See 18 U.S.C. § 3553(a)(2)(C). In this regard, the court found that Boney's "continued engagement in criminal activity involving illegal substances posed a threat to society." Moreover, the district court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant. See 18 U.S.C. §§ 3553(a)(1), 3583(e).

To the extent the court arguably considered the seriousness of the revocation conduct, viewed as a whole, we find any such consideration was only one of many factors considered by the court and such consideration did not render Boney's sentence procedurally unreasonable. The grounds cited

4

by the district court were relevant to other required considerations, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public. Furthermore, the court's comments implicitly suggest that it imposed a sentence above the advisory policy statement range as a result of Boney's breach of trust. See USSG ch. 7, pt. A, introductory cmt. n.3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust.").

We further reject Boney's contention that the district court improperly considered Boney's sentence reduction as lenient treatment in fashioning his revocation sentence. There is no clear indication that the district court deemed the reduction as lenient treatment previously given to Boney by the courts. In any event, the court was authorized to consider the reduction in considering Boney's history and characteristics. See 18 U.S.C. § 3553(a)(1).

Accordingly we conclude that Boney's sentence is not plainly unreasonable. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED