**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4410**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

MARCUS PULLEY,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (5:03-cr-00276-FL-1)

Submitted:  October 13, 2010      Decided:  January 24, 2011

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Tobin W. Lathan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Pulley appeals the district court's imposition of a twenty–four–month sentence following revocation of his supervised release. On appeal, Pulley contends that the district court imposed a plainly unreasonable sentence upon revocation, given the nature of his violations and the short time he had to receive drug treatment following his release from prison. Finding no reversible error, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

Our first step is to "decide whether the sentence is unreasonable." Id. at 438. In doing so, "we follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the U.S. Sentencing Guidelines Manual and the applicable § 3553(a) factors, id. at 439, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence

is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, we determine that the sentence is not unreasonable, we will affirm. Id. at 439.

Our review of the record on appeal leads us to conclude that the district court's sentence is procedurally and substantively reasonable. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED