**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4521**

—————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

STEPHEN BRADLEY VENNIS,

            Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:98-cr-00010-IMK-1)

—————————

Submitted:  December 16, 2010     Decided:  February 18, 2011

—————————

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Bradley Vennis appeals the district court's judgment revoking his supervised release and imposing a sentence of twenty-four months' imprisonment. Vennis alleges that his sentence is plainly unreasonable. For the following reasons, we affirm.

A district court has broad sentencing discretion upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm if the sentence is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the U.S. Sentencing Guidelines Manual Chapter 7 policy statements and the 18 U.S.C. § 3553(a) (2006) factors relevant to a supervised release revocation. See 18 U.S.C. § 3583(e)(3) (2006); Crudup, 461 F.3d at 440. Although the district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it

2

"still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id. at 439.

We have carefully reviewed Vennis's sentence and find it to be procedurally and substantively reasonable. The district court heard the parties' arguments, implicitly considered the Chapter Seven advisory policy statement range and the pertinent 18 U.S.C. § 3553(a) factors, and explained its reasons for imposing the twenty-four month sentence. The district court stated a proper basis for Vennis's sentence — namely, Vennis's history and background, and his high risk of recidivism. Based on our conclusion that Vennis's sentence is neither procedurally nor substantively unreasonable, "it necessarily follows that" Vennis's sentence is not "plainly unreasonable." Crudup, 461 F.3d at 440.

Accordingly, we affirm the district court's judgment revoking Vennis's supervised release and imposing a twenty-four month prison term. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED