**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4888**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ALFRED CAGLE, JR.,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:01-cr-00350-NCT-2)

Submitted:  April 6, 2011          Decided:  April 27, 2011

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Cagle, Jr., appeals the eighteen-month sentence imposed by the district court upon revocation of his supervised release. Cagle does not dispute that he violated the conditions of his release, but instead challenges the reasonableness of the sentence. We affirm.

"This court reviews whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not 'plainly unreasonable.'" United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) (citation omitted). The first step in this review is to determine whether the sentence imposed is unreasonable. Id. In this initial inquiry, we take "a more deferential posture concerning issues of fact and the exercise of discretion" than we do when applying the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotations and citation omitted). If the revocation sentence is unreasonable, we must then determine whether it is plainly so. Thompson, 595 F.3d at 547.

The advisory ranges for revocation sentences set forth in Chapter Seven of the U.S. Sentencing Guidelines Manual are non-binding policy statements. "Though a district court must consider the Chapter Seven policy statements and other statutory provisions applicable to revocation sentences, the court has

2

broad discretion to impose a particular sentence." Thompson,

595 F.3d at 547. Despite this discretion, a district court must

sufficiently explain its rationale behind the sentence imposed:

> A district court commits significant procedural error where it fails to adequately explain the chosen sentence. This requirement applies regardless of whether the district court imposes an above, below, or within-Guidelines sentence. A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed.

Id. (internal quotation marks and citations omitted).

Cagle's statutory maximum term of imprisonment upon

revocation of supervised release was three years under 18 U.S.C.

§ 3583(e)(3). The term of eighteen months' imprisonment imposed

by the district court was within the statutory maximum.

Although the district court was initially mistaken about the

proper advisory range, it is clear that this error was corrected

and the district court considered the correct range before

imposing Cagle's sentence. The court specifically stated that

it was varying upward from the advisory eight- to fourteen-

month range. The court sufficiently explained its rationale for

imposing the sentence, repeatedly stressing the danger to the

public inherent in Cagle's violation conduct.

Accordingly, we affirm the eighteen-month revocation

sentence imposed by the district court. We dispense with oral

argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid in the decisional process.

                                                              <u>AFFIRMED</u>