**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4265

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　　v.

BYRON LEE TATE,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:01-cr-00185-FDW-3)

Submitted: July 18, 2011　　　　　　Decided: August 5, 2011

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Laura L. Ferris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Lee Tate appeals the district court's judgment revoking his supervised release, sentencing him to sixteen months' imprisonment and thirty-two months' supervised release. Tate challenges the factual basis upon which it was found that he violated two conditions for supervised release, the resulting sentence and the effectiveness of counsel. We affirm.

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is sufficient, this Court views the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

We have reviewed the record, particularly Tate's admissions to both violations and the relevant testimony, and conclude that the district court did not err finding Tate violated two conditions of supervised release.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). This court will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The court's first step is to "decide whether the sentence is unreasonable." Id., 461 F.3d at 438. In doing so, the Court "follow[s] generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the court has considered the policy statements contained in Chapter 7 of the Guidelines and the applicable § 3553(a) factors, id. at 439, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, we determine the sentence is not unreasonable, we should affirm. Id. at 439. We conclude there was no error regarding the sentence and the district court did not abuse its discretion.

We will set aside Tate's allegations concerning the effectiveness of his counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4