**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4643**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JEROME SAUNDERS, II,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Thomas E. Johnston,
District Judge.  (2:08-cr-00049-1)

Submitted:  October 14, 2011          Decided:  October 20, 2011

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, David R. Bungard,
Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF
THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for
Appellant.   R.  Booth Goodwin II,  United States Attorney,
William  B. King II, Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Charleston, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Saunders II appeals the district court's order revoking his supervised release and sentencing him to the statutory maximum of twenty-four months' imprisonment. On appeal, Saunders argues that the district court imposed a plainly unreasonable sentence. Finding no error, we affirm.

In examining a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). A sentence imposed upon revocation of supervised release should be affirmed if it is within the statutory maximum and not plainly unreasonable.[*] Crudup, 461 F.3d at 437. In reviewing a revocation sentence, we first consider "whether the sentence is unreasonable," following the same general principles we apply to our review of original sentences. Id. at 438. Only if we find that a sentence is

_____

[*] To the extent Saunders asks this court to revisit the standard of review established in Crudup, we decline to do so. See United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011) (stating that one panel of this court cannot overrule precedent set by another panel).

either procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2006) factors and the policy statements set forth in Chapter 7 of the U.S. Sentencing Guidelines Manual (USSG) (2010). Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks omitted).

With these standards in mind, we conclude that Saunders' sentence was neither procedurally nor substantively unreasonable. The district court explicitly stated that it had considered the required statutory factors and Guidelines provisions and provided a clear rationale for imposing the maximum statutory sentence. Given the court's broad discretion to revoke supervised release and impose a term of imprisonment

3

up to the statutory maximum, Saunders' sentence is reasonable. Therefore, we conclude that Saunders' sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED