**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4955**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

            v.

STEVEN REED,

                  Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00087-RJC-1)

Submitted:  April 18, 2012              Decided:  May 10, 2012

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ann L. Hester, Assistant Federal Defender, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Reed appeals the sentence of twenty-four months' imprisonment imposed upon revocation of supervised release. Reed argues that the sentence is procedurally plainly unreasonable because the district court failed to address his non-frivolous arguments for a within-Guidelines sentence. The Government responds that the sentence is not plainly unreasonable. Finding no error, we affirm.

Pursuant to 18 U.S.C. § 3583 (West 2000 & Supp. 2011), the Government sought to revoke Reed's term of supervised release based on four violations of its conditions. The district court determined that the violations of supervision were Grade C violations. Because Reed's criminal history placed him in Category VI, the applicable Guidelines range was eight to fourteen months' imprisonment. U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2010).

Reed requested a within-Guidelines sentence, noting that he had completed more than two years of his three-year term of supervised release, that he had done well under supervision, that he maintained employment for a period of time, that he participated in drug treatment classes and was a leader in those classes, and that during his imprisonment pending revocation, he had completed another drug treatment program. The district

2

court revoked supervised release and imposed a variant sentence of twenty-four months' imprisonment.[*]

In reviewing a sentence imposed after revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A supervised release revocation sentence is procedurally reasonable if the district court considered Chapter Seven's advisory policy statement range and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors applicable to supervised release revocation. See Thompson, 595 F.3d at 547; 18 U.S.C. § 3583(e). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a

---

[*] The statutory maximum term was twenty-four months' imprisonment. 18 U.S.C. § 3583 (2006); 18 U.S.C. § 3559(a)(3) (2006); 18 U.S.C. § 922(g) (2006).

statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

If the sentence is unreasonable, the inquiry proceeds to the second step of the analysis — determining whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39. For a sentence to be plainly unreasonable, "it must run afoul of clearly settled law." Thompson, 595 F.3d at 548.

Here, the district court explicitly considered Reed's violations of the law, his drug use, his violations of the terms of supervision, his difficulty complying with supervision, his criminal history, the need to protect the public, and the need for deterrence. The district court permissibly concluded that a Guidelines sentence would be inadequate and thus imposed a sentence above the Guidelines range. A review of the record confirms that the district court sufficiently explained the selected sentence and addressed Reed's arguments for a lesser sentence.

We therefore conclude that the sentence is not procedurally unreasonable, much less plainly so, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4