PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BARRY GLEN THOMPSON, a/k/a
Barry G. Thompson,

*Defendant-Appellant.*

No. 09-4247

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph R. Goodwin, Chief District Judge.
(6:95-cr-00115-1)

Argued: December 4, 2009

Decided: February 23, 2010

Before NIEMEYER, MICHAEL, and GREGORY,
Circuit Judges.

Vacated and remanded by published opinion. Judge Gregory
wrote the majority opinion, in which Judge Michael joined.
Judge Niemeyer wrote a dissenting opinion.

## COUNSEL

**ARGUED**: Jonathan D. Byrne, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Charleston, West Virginia, for Appel-

lant. Monica Kaminski Schwartz, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Charleston, West Virginia, for Appellee.

## OPINION

GREGORY, Circuit Judge:

The defendant, Barry Glen Thompson ("Thompson"), challenges the district court's revoking his supervised release and sentencing him to eighteen-months imprisonment. Thompson claims the district court's failure to explain its chosen sentence was plainly unreasonable. We agree, vacate Thompson's sentence, and remand for a new sentencing hearing.

I.

On January 20, 2009, the United States Probation Office petitioned to revoke Thompson's supervised release. The petition alleged that Thompson had been arrested on two counts of battery on, and obstruction of, a police officer and that he had possessed methamphetamine. The petition also alleged that Thompson had twice previously violated his supervised-release terms by testing positive for narcotics.

At his revocation hearing, Thompson conceded that the government could prove the charged violations. The district court then determined that under the applicable, non-binding policy tables, Thompson faced between twelve- and eighteen-months imprisonment. Neither party objected to the calculation.

The court next gave each party an opportunity to argue for the appropriate sentence. The government emphasized that Thompson had committed battery on two police officers and had done so at 2:00 a.m., which it believed was relevant. Counsel for Thompson argued that it was his first violation, he had minor children, and that he had been gainfully employed since his initial release. Thompson also argued that he had notified the police of loose ammunition in the squad car following his arrest. Given this, Thompson sought a six-month prison term, followed by supervised release.

The court then sentenced Thompson to eighteen-months imprisonment followed by supervised release. Only when defense counsel requested that Thompson be allowed to self-report to prison did the court note that Thompson was probably not a flight risk, but that based on Thompson's history, conduct, and characteristics, the court could not say that he was not a danger to the community. Thompson timely appealed.

## II.

This Court reviews whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not "plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). The government argues that plain-error review applies here because Thompson never objected below to the adequacy of the district court's sentencing explanation. As we explained in our recent decision *United States v. Lynn*, ___ F.3d ___, 2010 U.S. App. LEXIS 1927 (4th Cir. Jan 28, 2010), though, a defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review. *Id.* at *13. Because Thompson did so here by requesting a six-month sentence, rather than a sentence within the advisory range calculated by the district court, we decline to apply plain-error review and proceed to review whether his sentence is plainly unreasonable.

### III.

When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007); *Crudup*, 461 F.3d at 438. Thompson claims that his sentence is procedurally unreasonable because the district court failed to provide an adequate explanation for its chosen sentence. We agree.

### a.

Revocation sentences are governed by non-binding, policy statements in the Sentencing Guidelines Manual. U.S. Sentencing Guidelines Manual § 7(A)(1). Though a district court must consider the Chapter Seven policy statements and other statutory provisions applicable to revocation sentences, the court has broad discretion to impose a particular sentence. *Crudup*, 461 F.3d at 438; *see Moulden*, 478 F.3d at 656.

That discretion has some limits. A district court commits significant procedural error where it "fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). This requirement applies "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still "must provide a statement of reasons for the sentence imposed." *Moulden*, 478 F.3d at 657.

The district court provided no such statement here. Instead, it simply stated: "It's the judgment of the Court the defendant be committed to the custody of the Federal Bureau of Prisons for a term of 18 months." J.A. 42.* We may be hard-pressed

---

*Citations to J.A. __ refer to the Joint Appendix filed by the parties upon appeal.

to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences; but a district court may not simply impose sentence without giving *any* indication of its reasons for doing so. *Moulden*, 478 F.3d at 657. Were we to hold otherwise, district courts could effectively thwart appellate review of any within-range revocation sentences they impose. *See Gall*, 552 U.S. at 50.

The government argues that the district court's statement after sentencing Thompson made clear its reasons for imposing that sentence. When Thompson requested voluntary surrender, the district court stated, "[b]ased on the character and the conduct and history of the defendant, I can't find that there's not a danger to the community, although I doubt there's a risk of flight." J.A. 43. This statement, the government claims, shows that the court adequately considered the relevant sentencing factors when imposing sentence. We decline to reach such a speculative conclusion.

It is true that in some cases, a district court's reasons for imposing a within-range sentence may be clear from context, *Rita v. United States*, 551 U.S. 338, 357 (2007), including the court's statements to the defendant throughout the sentencing hearing. *Lynn*, 2010 U.S. App. 1927 at *31. But those other statements must actually relate to the imposed sentence, not some distinct, penological or administrative question. The district court's statement here did not explain the sentence it imposed; rather, it explained the court's reasons for not allowing voluntary surrender. Under the circumstances, we cannot impute the district court's reasoning for the latter to the former. The sentence was therefore procedurally unreasonable.

b.

Having determined that the district court's failure to explain its chosen sentence was unreasonable, we must now consider whether it was plainly so. To determine whether a

sentence is plainly unreasonable, this Court looks to the definition of "plain" used in plain-error analysis. *Crudup*, 461 F.3d at 439. For a sentence to be plainly unreasonable, therefore, it must run afoul of clearly settled law. *See United States v. Hughes*, 401 F.3d 540, 547 (4th Cir. 2005).

It is indeed true that the law as it relates to federal sentencing is in a state of flux, and that this Court, like our sister circuits, is still in the process of implementing many of the Supreme Court's recent pronouncements. *See, e.g.*, *Lynn*, 2010 U.S. App. 1927 at *3; *Carter*, 564 F.3d at 330. We are certain, though, that the district court's obligation to provide some basis for appellate review when imposing a revocation sentence, however minimal that basis may be, has been settled in this Circuit since at least *Moulden*. 478 F.3d at 657. Given how clearly settled this requirement is, even as it applies to revocation sentences, the district court's failure to provide any reasons for its sentence contravened clear circuit precedent and was, therefore, plainly unreasonable.

c.

Finally, we cannot be sure that the district court's failure to justify the sentence imposed was harmless. For a procedural sentencing error to be harmless, the government must prove that the error did not have a "'substantial and injurious effect or influence' on the result." *Lynn*, 2010 U.S. App. 1927 at *33 (quoting *United States v. Curbelo*, 343 F.3d 273, 278 (4th Cir. 2003)). Here, the government does not argue that the error was harmless, and we cannot presume that it was under these circumstances. Had the court explicitly considered Thompson's non-frivolous argument that he deserved leniency because he had completed nearly all of his supervised release without incident, it could conceivably have given him a lower sentence. *See id.*

IV.

For the foregoing reasons, we vacate Thompson's sentence and remand to the district court for a new hearing.

*VACATED AND REMANDED*

NIEMEYER, Circuit Judge, dissenting:

Barry Thompson violated the terms of his supervised release in being arrested on two counts for assaulting police officers; by possessing methamphetamine; and by twice testing positive for cocaine. The district court revoked his supervised release and imposed an 18-month sentence of imprisonment, which was within the range recommended by the Sentencing Guidelines.

Ordinarily, we review a sentence under a deferential abuse-of-discretion standard, reversing only for unreasonableness. *See Gall v. United States*, 552 U.S. 38, 41 (2007). But in reviewing a sentence for violation of supervised release, our standard is yet more deferential, as we may reverse only if we find the sentence was "plainly unreasonable." *See United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

I respectfully submit that the majority opinion in this case affords the district court an inadequate measure of deference, demanding that the district court state reasons that are obvious from the record, from the arguments counsel made to the court, and from what the court said and did.

The court found multiple violations of the terms of Thompson's supervised release. It explained that the violations were of the "most serious grade," resulting in a Guidelines range of 12 to 18 months' imprisonment. It imposed a sentence within the recommended Guidelines range. It explained, in denying Thompson the opportunity to surrender voluntarily that it could not find that Thompson was "not a danger to the community." And finally, it explained:

> You did such a long stretch. I thought you were going to make it. You've got 18 months of supervised release when you get out the next time. If you

can just do that without getting in trouble, you can be free of this stuff. I hope you can do that. Good luck to you.

This record adequately satisfies the Supreme Court's standard in sentencing a defendant within the Guidelines range. As the Court explained in *Rita v. United States*:

> The sentencing judge should set forth enough to satisfy the appellate court *that he has considered* the parties' arguments *and has a reasoned basis* for exercising his own legal decisionmaking authority. Nonetheless, *when a judge decides simply to apply the Guidelines to a particular case*, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge found that the case before him is typical.

551 U.S. 338, 356-57 (2007) (emphasis added) (citation omitted). In *Rita*, the sentencing judge listened to the arguments of counsel, which requested a downward departure, and then simply observed that a sentence at the bottom end of the Guidelines range was "appropriate." *Id.* at 358-59. Approving the explanation, the Court said what is particularly appropriate here:

> We acknowledge that the judge might have said more. He might have added explicitly that he had heard and considered the evidence and argument; that (as no one before him denied) he thought the Commission in the Guidelines had determined a sentence that was proper in the mine run of roughly similar perjury cases; and he found that Rita's personal circumstances here were simply not different enough

to warrant a different sentence. *But context and the record made clear that this, or similar, reasoning underlies the judge's conclusion.* Where a matter is conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.

*Id.* at 359.

The record in this case is strikingly similar to that presented in *Rita*, except in this case we owe the district court even more deference because the defendant was back, after having been originally sentenced, for a revocation of his supervised release. *See Crudup*, 461 F.3d at 438.

While the majority opinion properly articulates the standards for reviewing a district court's sentence, its holding in this specific case falls elsewhere.