**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4674**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

CHARLES CURTIS GALLOWAY,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:97-cr-00067-BR-1)

Submitted:  June 28, 2010            Decided:  August 18, 2010

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Curtis Galloway appeals the district court's imposition of a fifty-seven month sentence following revocation of his supervised release. On appeal, Galloway contends that the district court imposed a plainly unreasonable sentence because it failed to address his arguments for a lower sentence. Finding no reversible error, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

Our first step in reviewing a sentence imposed upon a revocation of supervised release is to decide whether the sentence is unreasonable. Id. at 438. In doing so, we generally follow "the procedural and substantive considerations" employed in reviewing original sentences. Id. "A district court commits significant procedural error where it 'fail[s] to adequately explain the chosen sentence.'" Thompson, 595 F.3d at 547 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). While the district court need not explain the reasons for the sentence in as much detail as when imposing the original sentence, "it still must provide a statement of reasons for the

2

sentence imposed." Id. (internal quotation marks omitted). Additionally, the district court should address the defendant's nonfrivolous reasons for imposing a sentence different from the advisory sentencing range. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

In some cases, "a district court's reasoning for imposing a within-range sentence may be clear from context . . . including the court's statements to the defendant throughout the sentencing hearing." Thompson, 595 F.3d at 547. Unless the district court completely fails to indicate any reasons for its sentence, "[w]e may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences." Id. If we determine that the sentence is not unreasonable, we will affirm. Crudup, 461 F.3d at 439.

We conclude that Galloway's revocation sentence is reasonable. While the district court's explanation was brief, its rationale is clear – it imposed a sentence at the top of Galloway's Guidelines range because of his history of supervised release violations. This rationale also implicitly rejects Galloway's argument for a below-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

                                                              AFFIRMED