**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4434**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KRISTY RENEE RASNICK,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:08-cr-00027-jpj-pms-3)

Submitted:  March 29, 2011          Decided:  April 11, 2011

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, J. Wells Harrell, Third Year Law Student, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristy Renee Rasnick appeals the twenty-four-month sentence imposed after the district court revoked her supervised release. On appeal, Rasnick asserts that her sentence was procedurally unreasonable because the district court failed to state why a sentence above the three-to-nine-month Guidelines range was appropriate and that her sentence was substantively unreasonable. Finding no error, we affirm.

This court reviews a sentence imposed upon revocation of a defendant's supervised release to determine whether the sentence is "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," we must first determine whether the sentence is procedurally or substantively unreasonable. Id. at 438. Although a sentencing court must consider the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2006) factors[1] in fashioning its sentence, the sentencing court retains broad discretion to revoke a defendant's supervised release and impose a term of imprisonment up to the statutory maximum. 461 F.3d at 439. Moreover, "a court's statement of its reasons for going beyond non-binding

_____

[1] Contrary to Rasnick's argument on appeal, not every § 3553 factor applies to sentences imposed pursuant to a revocation of supervised release. See 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2010); see also Crudup, 461 F.3d at 439.

2

policy statements in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from [pre-Booker[2] mandatory] guidelines" at sentencing for criminal offenses. Id. (internal quotation marks omitted); see United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) ("A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence."). Only if the defendant demonstrates that the sentence is unreasonable will we consider whether the sentence was "plainly unreasonable." Id.

With these standards in mind, we have reviewed the record on appeal and conclude that the sentence is procedurally and substantively reasonable and that the district court adequately explained its reasons for sentencing Rasnick to the statutory maximum sentence of twenty-four months' imprisonment. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] United States v. Booker, 543 U.S. 220 (2005).