**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5149**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KAREEM SAINT ROBERSON, a/k/a Poncho,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (7:95-cr-00045-BR-2)

Submitted: June 30, 2011          Decided: July 15, 2011

Before DUNCAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Saint Roberson appeals from his fifty-one-month sentence imposed upon revocation of his supervised release. On appeal, he asserts that his sentence is substantively unreasonable. We affirm.

Roberson contends on appeal that his sentence is substantively unreasonable because the district court did not make an individualized assessment of his argument for a downward variance from the Sentencing Guidelines range. Defense counsel asked the court to consider sentencing Roberson below the Sentencing Guidelines range of fifty-one to sixty months for the supervised release violation in consideration of the over four years Roberson served for the criminal conduct involved and because he is a relatively young man who could make something of himself after incarceration. Roberson argues on appeal that the court made a finding that all defendants who had previously served an imprisonment term for criminal conduct that constituted a supervised release violation could argue for a variance based on time served. Roberson argues that the court improperly rejected the argument without considering it as a mitigating factor in his individual case.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United

States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, the court first considers whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making its review, the court "follow[s] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. The court should affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found unreasonable will the court "decide whether the sentence is plainly unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id.

Here, the district court considered Roberson's argument for a downward variance based on the time served on the

3

criminal conduct related to his supervised release violation and rejected it. Although Roberson argues that the court's explanation for rejecting the argument did not evince an individual consideration of his case, the court's reasoning directly addressed the argument and rejected it on its merits. The court explicitly considered the Guidelines range as well as the statutory factors of § 3553 that it was permitted to consider when arriving at a sentence. Further, given the court's broad discretion, the reasons stated for imposing a sentence at the lowest end of the Guidelines range were substantively sufficient. The court rejected Roberson's request for a downward variance and heard argument that Roberson disregarded the conditions of supervised release by immediately committing another drug offense. The court acknowledged Roberson's younger age, but stated that the sentence imposed was necessary to provide adequate deterrence and to promote respect for the law. Thus, the fifty-one month sentence for Roberson's violation of supervised release was not an abuse of discretion.

Moreover, Roberson faces a very heavy burden in challenging his sentence. Even if he could show that his sentence was unreasonable, he would still need to show that it was plainly unreasonable. A sentence is "plainly unreasonable" if it "run[s] afoul of clearly settled law." United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010). Roberson has not

4

cited clearly settled law that was violated by the district court's sentence, and the record does not reveal any such obvious errors.

We therefore affirm the sentence imposed upon revocation of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5