**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4139**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVID CHAPEL, III, a/k/a Pokey,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:98-cr-00047-6)

Submitted:  August 15, 2011          Decided:  September 14, 2011

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Chapel, III, appeals the district court's order revoking his supervised release and sentencing him to eighteen months' imprisonment and six months' supervised release. On appeal, Chapel contends that his sentence was plainly unreasonable because the district court did not impose a lower sentence in light of Chapel's conviction and sentence for the state offense that constituted his supervised release violation. We affirm.

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences."[*] United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). This court will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires us to determine whether the sentence is unreasonable. Crudup,

_____

[*] Chapel's contention that review of a revocation sentence should be for reasonableness is foreclosed by our precedent. See United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999) (noting panel bound by court precedent).

2

461 F.3d at 438.  Only if the sentence is procedurally or substantively unreasonable does our inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable.  Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the U.S. Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation.  See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40.  A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum.  Crudup, 461 F.3d at 440.  "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed."  Thompson, 595 F.3d at 547 (internal quotation marks omitted).

In this case, the district court appropriately considered the relevant factors.  The court recounted the nature and circumstances of Chapel's offense, noting the conditions of release had been modified to accommodate Chapel's needs, and he had been released early from a residential reentry program.  Nevertheless, shortly thereafter, he was engaging in drug use

3

and selling "a significant amount of oxycodone." Chapel's sentence is therefore procedurally reasonable. Because the district court had discretion to impose a term for the revocation of supervised release consecutive to any sentence of imprisonment, Chapel's sentence is also substantively reasonable. See U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4