**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4290**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

JIM NOVAK, a/k/a/ James Novak,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:09-cr-00168-F-1)

Submitted:  November 29, 2012    Decided:  December 19, 2012

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Novak was convicted of several drug distribution charges in 2005. Although his Guidelines range was 180 to 181 months' imprisonment, the district court granted a significant downward departure, sentencing him to 57 months in prison. In 2009, Novak was placed on supervised release. He failed to comply with the terms of supervised release, and the probation office moved for revocation. The district court revoked Novak's supervised release, noting that Novak had already benefitted from a substantial downward departure in his initial sentencing, he repeatedly failed to comply with the terms of supervised release, and he had a serious drug or alcohol problem. The district court stated that Novak "has certainly had every opportunity and he has blown it." (J.A. 19). The court also noted that, due to the downward departure in sentencing upon Novak's conviction, he received "a tremendous break," he "didn't take advantage of it," and the court "just d[id]n't understand it." (J.A. 20). The court opined that "the only thing I can do for him is to get him in jail long enough to go through the intensive drug treatment program." (J.A. 20). With that observation, and recognizing that the U.S. Sentencing Guidelines Policy Statement range upon revocation was four to ten months, the court revoked Novak's supervised release and sentenced him

2

to thirty-six months' imprisonment, followed by two years of supervised release.

Novak appealed. We vacated his sentence and remanded for resentencing in light of the Supreme Court's intervening decision in Tapia v. United States, 131 S. Ct. 2382 (2011) (holding that the availability of drug treatment could not be the basis for an upward departure in sentencing). United States v. Novak, No. 11-4358 (4th Cir. Dec. 21, 2011) (unpublished).

On remand, Novak noted that he had served eleven months' imprisonment, that he had a potential job opportunity if released, and that he intended to return to school following his release. He said he had begun taking antidepressants while incarcerated. Although there was no substance abuse program at his place of incarceration, he had received some treatment prior to his current term of incarceration and was on a wait list for a community-based alcohol treatment program following his release. He also said that, while incarcerated, he found a shank in the prison yard and, rather than selling it or using it, he turned it over to prison guards. He asked for a sentence of time served and a return to supervised release. The Government asked the court to reimpose a thirty-six month sentence.

The district court reiterated its findings as to the reasons for revocation, and sentenced Novak to a twenty-four

3

month term of imprisonment. The court explained the departure from the four-to-ten month Guidelines Policy Statement range by noting that it had awarded a substantial downward departure in Novak's initial sentencing, and Novak had not used to his advantage the opportunity given to him by the district court. Novak again appeals, contending the twenty-four-month sentence was plainly unreasonable because the district court did not address Novak's arguments for a lower term of imprisonment.

A sentence imposed upon revocation of supervised release will be upheld unless it is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A sentence is procedurally reasonable if the court considers the policy statements in the Guidelines and indicates the reasons for its chosen sentence. Id. at 440; United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

In Tapia, the Supreme Court held that 18 U.S.C. § 3582(a) "precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation." 131 S. Ct. at 2385, 2389. Thus, a district court erred in imposing a longer sentence than it would otherwise have imposed with the purpose of insuring that the defendant would be eligible for a drug treatment program while incarcerated. Id. We recently extended the holding of Tapia to resentencing proceedings following the revocation of supervised

4

release.  United States v. Bennett, __ F.3d __, __, 2012 WL 5265802, slip op. at 2, 7 (4th Cir. Oct. 25, 2012) (No. 11-4401).

Novak contends that on remand, the district court committed procedural error by not considering his arguments in mitigation.  Although the district court did not specifically discuss these arguments, the court gave a valid reason for the sentence imposed — the approximately 60% downward departure Novak received at his initial sentencing, and his squandering of that opportunity when released.  Moreover, only one fact — Novak's seeking treatment for his depression — favors his position.  Novak's new wife, whose support he cited in the first revocation proceeding, had left him by the time of the second revocation proceeding; the job prospect was not certain; and Novak had not previously been able to maintain steady employment or to follow through with substance abuse treatment.  Finally, his decision not to sell or use the shank he found in the prison yard is hardly laudable; declining to commit a crime is, or should be, the norm, not the salutary exception to the rule.

These facts, considered together, make clear that the district court did not commit procedural error, and that the sentence was not plainly unreasonable.  Accordingly, we affirm. We dispense with oral argument because the facts and legal

contentions are adequately presented on the record and argument would not significantly aid the decisional process.

AFFIRMED