**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4647**

---

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CORY DEXTER FENNELL, a/k/a Ace,

               Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:04-cr-00440-FL-1)

---

Submitted: February 14, 2013     Decided: February 21, 2013

---

Before KING, DUNCAN, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Dexter Fennell appeals from the district court's judgment revoking his supervised release and imposing a thirty-six-month prison term. Fennell challenges this sentence, arguing that it is plainly unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C.A. § 3583(e) (West 2006 & Supp. 2011); Crudup, 461 F.3d at 439. Although a district court need not explain the reasons for imposing a revocation sentence in as much detail as when it

imposes an original sentence, "it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Fennell contends that his sentence is procedurally unreasonable because the district court failed to consider and explain why it rejected his arguments for the imposition of a six-month sentence. We conclude that this contention is without merit. At the revocation hearing, Fennell's counsel and Fennell made note of his accomplishments on release, raised the possibility that his drug use on release was related to his untreated mental illness, and described his living environment and a family dispute without explaining why these circumstances merited a revocation sentence of six months' imprisonment.

Fennell also contends that the district court failed to provide a sufficient explanation for its decision to impose a sentence three times above the top of the advisory policy statement range. Assuming without deciding that Fennell's

3

revocation sentence is unreasonable because the district court failed to provide an adequate explanation — grounded in relevant § 3553(a) factors — for imposing a thirty-six-month prison term, we conclude that the sentence is not "plainly unreasonable" because the sentence does not exceed the applicable statutory maximum, 18 U.S.C. § 3559(a)(1) (2006); 18 U.S.C.A. § 3583(e)(3), and Fennell does not point to facts establishing that the sentence is clearly or obviously unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED