**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4951**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

MAURICE TERRELL GENERAL,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge.  (5:05-cr-00125-D-1)

───────────

Submitted:  June 27, 2013          Decided:  July 16, 2013

───────────

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Terrell General appeals from his 60-month sentence imposed pursuant to the revocation of his supervised release. On appeal, General argues that his sentence was plainly unreasonable, as the district court failed to give appropriate reasoning for an upward variance from the Guidelines policy statement range of 30-37 months and improperly relied too heavily on the seriousness of the revocation violation conduct. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we first consider whether the sentence is unreasonable. Id. at 438. In this inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

We "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to

the district court's decision that the [18 U.S.C.] § 3553(a) [(2006)] factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (noting that a district court's reasoning may be "clear from context" and the court's statements throughout the sentencing hearing may be considered).

General argues first that the sentence imposed is procedurally unreasonable because the district court failed to provide sufficient reasoning for its upward variance from the policy statement range. However, the court clearly heard General's arguments for leniency, but found that the other factors in the case outweighed these circumstances. Specifically, the court explicitly relied upon General's untruthfulness at the hearing, the fact that he committed two violations, the need to deter General from further egregious

3

criminal behavior, and the fact that society needed to be protected from General. The record reflects that the district court properly calculated the advisory policy statement range, considered the parties' arguments and the relevant policy statements and statutory factors, and adequately explained the reasons for the upward variance. Accordingly, the sentence is not procedurally unreasonable.

Next, General argues that his sentence was substantively unreasonable because the court considered and weighed an improper factor when determining his sentence. Specifically, General avers that the court relied almost exclusively on the seriousness of the criminal conduct forming the basis for his supervised release violation. Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal sentencing guidelines manual, as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006). Chapter Seven provides, "at revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."

4

U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2011).

Section 3583 approves consideration of a majority of the factors

listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e).

Among the omitted factors is the need "to reflect the

seriousness of the offense, to promote respect for the law, and

to provide just punishment for the offense." 18 U.S.C.

§ 3553(a)(2)(A).

Here, the district court considered General's breach

of trust and the need to deter him from future criminal conduct,

as well as other appropriate factors. While General accurately

states that the court noted the nature of his revocation

offense, the court clearly considered these facts in the context

of assessing the need to protect the public from General's

future crimes and to deter future conduct, required

considerations for revocation sentences. See 18 U.S.C.

§ 3553(a)(2)(B),(C). Moreover, to the extent the court

emphasized the seriousness of the revocation conduct, viewed as

a whole, we find that any such consideration was only one of

many factors considered by the court and such consideration did

not render General's sentence unreasonable. Furthermore, the

court's comments explicitly stated that it imposed a sentence

above the advisory policy statement range as a result of

General's extraordinarily egregious breach of trust.

Accordingly, we affirm General's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>