**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4200**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

JUDY MARIE LASSITER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00244-HEH-1)

———————

Submitted:  July 25, 2013          Decided:  August 15, 2013

———————

Before KING, AGEE, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Craig W. Sampson, BARNES & DIEHL, P.C., Chesterfield, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Judy Marie Lassiter appeals the district court's judgment revoking her supervised release and imposing a thirty-six-month sentence. Lassiter asserts that her sentence is plainly unreasonable because: it is above her advisory sentencing range and the district court's explanation for the sentence imposed allegedly did not justify such a high sentence; she was not convicted of the state crimes of which she was accused at the time of her revocation hearing; and she claims that the district court "did not appear to lend any weight to the fact that [her] child suffered from leukemia and might need the assistance of his mother." Finding no reversible error, we affirm.

In reviewing a sentence imposed after revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Thus, we will affirm a supervised release revocation sentence if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step is to determine whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if the sentence is procedurally or

substantively unreasonable will the inquiry proceed to the second step, which is to determine whether the sentence is plainly unreasonable. Id. at 438-39.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2013) factors, Crudup, 461 F.3d at 440, and has adequately explained the chosen sentence, although it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. When reviewing a sentence above the sentencing range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal brackets and quotation marks omitted). Although the Carter rationale applies to revocation hearings, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence[.]" Thompson, 595 F.3d at 547 (noting that a district court's

3

reasoning may be "clear from context" and that the court's statements throughout the sentencing hearing may be considered).

A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. Ultimately, however, the district court has broad discretion to revoke probation and impose a sentence up to that maximum. Moulden, 478 F.3d at 657.

We conclude that Lassiter's thirty-six-month sentence is not unreasonable. To the contrary, the district court correctly calculated the policy statement range, adequately explained its sentence, appropriately relied on the § 3553(a) factors, and sentenced Lassiter to the statutory maximum applicable to her offense. Although the district court imposed a sentence above the advisory policy statement range, the district court noted that it was doing so because Lassiter egregiously breached the court's trust only five months after her release from prison. Moreover, although the district court heard Lassiter's arguments for leniency, it nonetheless found that the other factors in the case outweighed these circumstances; in conjunction with the nature and circumstances of Lassiter's scheme to defraud, considering Lassiter's criminal history, and "considering the fact that a sentence of 36 months previously had no deterring effect whatsoever," the district

4

court determined that a thirty-six-month above-sentencing range sentence was "adequate, but not longer than necessary[.]"

We conclude that the district court's rationale was justified and discern no procedural or substantive error in the imposition of Lassiter's sentence. See U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012) ("[A]t revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Having discerned no procedural or substantive error in the district court's imposition of a thirty-six-month sentence, "it necessarily follows that [Lassiter's] sentence is not plainly unreasonable." Crudup, 461 F.3d at 440.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED