**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4290**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LESTER KIRBY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Senior District Judge. (7:02-cr-00111-BR-1)

Submitted: November 20, 2014          Decided: November 24, 2014

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lester Kirby was sentenced to thirty-seven months in prison following the revocation of his supervised release. He appeals, arguing that his sentence is plainly unreasonable because it is greater than necessary to serve the purposes of supervised release. We affirm.

The district court has broad discretion in selecting the sentence to impose upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). This court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437–40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." Thompson, 595 F.3d at 546.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states "a proper basis" for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If,

2

after considering the above, we decide that the sentence is not unreasonable, we will affirm. Id. at 439. Only if this court finds the sentence unreasonable must it decide whether it is "plainly" so. Id. at 439.

With these principles in mind, we have reviewed the record and the parties' briefs and conclude that Kirby's within-Guidelines sentence of thirty-seven months is not plainly unreasonable. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED