**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4488**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAMES MICHAEL NICHOLS,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Thomas E. Johnston,
District Judge.  (2:07-cr-00192-1)

Submitted:  December 18, 2014        Decided:  January 7, 2015

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, KAY CASTO & CHANEY PLLC, Charleston, West
Virginia, for Appellant.  R. Booth Goodwin II, United States
Attorney, Monica D. Coleman, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Michael Nichols appeals from the twelve-month sentence imposed upon revocation of his supervised release. He argues that his sentence is unreasonable. For the reasons that follow, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). At Nichols' revocation hearing, the district court correctly determined that Nichols' advisory sentencing range was 8-14 months. See U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2013). Nichols argues that the district court erroneously considered the seriousness of one of his supervised release violations in contravention of 18 U.S.C. § 3583(e) (2012). See id. (noting that some 18 U.S.C. § 3553(a) (2012) factors are not to be considered for supervised release sentence). Our review of the hearing reveals the one-year term of imprisonment and two years of supervised release thereafter (with numerous special conditions regarding treating and preventing Nichols' alcoholism) were based on the court's concern that Nichols' continued drinking was going to kill someone. This view was supported by Nichols' eight prior driving under the influence convictions and his violence toward family members while intoxicated.

Under these circumstances, we find that the district court adequately explained the selected sentence which was within the recommended sentencing range and based on permitted considerations. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we do not find that Nichols' sentence was plainly unreasonable. Crudup, 461 F.3d at 437; see also Rita v. United States, 551 U.S. 338, 346-55 (2007) (upholding presumption of reasonableness for within-Guidelines sentence for non-revocation sentence). We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED