**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4375**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMAR LAMONT HUNTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:11-cr-00076-JAG-1)

Submitted: January 26, 2016      Decided: March 3, 2016

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Elizabeth W. Hanes, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Erik S. Siebert, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Lamont Hunter appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment. On appeal, Hunter contends that his sentence is substantively unreasonable because he committed only one Grade C violation and the district court erred in its consideration of the relevant statutory factors. Upon review of the record, we affirm.

In reviewing a sentence imposed upon revocation of supervised release, this Court takes a "deferential appellate posture concerning issues of fact and the exercise of discretion." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires us to determine whether the sentence is unreasonable. Crudup, 461 F.3d at 438. Only if the sentence is procedurally or substantively unreasonable does our inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Id. at 438–39.

Hunter does not challenge the procedural reasonableness of his sentence. Instead, he argues it is substantively unreasonable. A sentence is substantively reasonable if the

2

district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

In this case, the district court appropriately considered the Chapter Seven policy statement range and applicable statutory factors. In announcing its sentence, the district court reasonably found that Hunter's failure to adhere to his supervised release terms and breach of the court's trust after receiving relatively lenient sentences on two prior occasions supported the twenty-four-month maximum. The court also acted within its discretion in sentencing him to the maximum term. Because Hunter's sentence is procedurally and substantively reasonable, it is not plainly unreasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED