**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4446**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LEONIDAS BROWN, JR.,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Senior District Judge. (3:06-cr-00213-JRS-2)

———————

Submitted: January 26, 2017     Decided: February 3, 2017

———————

Before MOTZ and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Laura J. Koenig, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonidas Brown, Jr., appeals the 24-month sentence imposed upon revocation of his supervised release. For the reasons that follow, we vacate and remand for resentencing.

Brown pled guilty in 2006 to conspiracy to distribute crack cocaine and was sentenced to 20 years' imprisonment, followed by five years of supervised release. Brown's sentence was later reduced and he was released on September 22, 2014. In May 2016, a petition to revoke Brown's supervised release was filed alleging numerous violations of conditions of supervision.

At the revocation hearing, Brown admitted the violations and pled guilty. Counsel detailed Brown's long history of mental health issues and previous attempts to comply with drug counseling programs. Counsel stated that she had identified an appropriate long-term program to treat Brown's mental health and drug abuse problems, and requested that the court impose a sentence of time served — eight weeks. Government counsel argued that Brown failed to abide by the terms of his supervised release for two years, and that "the pattern here is one of just a complete failure to do anything to take advantage of the resources" available to Brown. Government counsel went on to note that "the guidelines are six to 12 months . . . [t]here is a statutory maximum of 60 months."

At the conclusion of the hearing, the district court made the following findings:

> Well, it is a difficult and complicated process. I have to look at all the facts, and the facts here indicate to me that whatever the particular kind of help that Mr. Brown needs we have been unable to provide in the two years that he has been on supervised release.
>
> The tools that we have, and drug treatment and mental health treatment and the constant monitoring to impose discipline upon an undisciplined life has obviously not worked. So the prospect of a continued supervised release after a two-year failure at every turn does not argue well for continued supervised release. It is just that simple.
>
> This is what I am going to do. I am going to impose a sentence of active incarceration of 24 months. He will receive credit for time served. No further supervised release following this period of incarceration.

The court did not refer to the Guidelines Manual policy statement and table suggesting a sentence of six to 12 months, and the record does not include a worksheet calculating the applicable policy statement range.

We will affirm a sentence imposed after revocation of supervised release unless that sentence is plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006). Brown maintains that the sentence he received is plainly procedurally unreasonable because the court failed to consider the applicable policy statement range. A district court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction

3

sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). But it "must consider the policy statements contained in Chapter 7, including the policy statement range, as 'helpful assistance,' and must also consider the applicable § 3553(a) factors." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (emphasis added); see also Thompson, 595 F.3d at 547.

Here, the district court may well have (at least implicitly) considered many of the applicable § 3553(a) factors. But it failed to indicate any consideration of the policy statement range for revocation sentences. The Government argues that the court was aware of the policy statement range because Government counsel mentioned it in his argument for a sentence within the range. However, the record contains no worksheet or concession by Brown's counsel that the Government's statement was correct. Moreover, nothing in the hearing transcript demonstrates, or implies, that the court considered the six to 12-month policy statement range during sentencing. Therefore, we conclude that Brown's sentence was procedurally unreasonable.

"For a sentence to be plainly unreasonable, . . . it must run afoul of clearly settled law." Thompson, 595 F.3d at 548. In this case, the requirement that a sentencing court must consider the Chapter 7 policy statement range is clearly settled. See Moulden, 478 F.3d at 656. Because Brown's

4

sentence violated <u>Moulden</u>'s clear language, it was plainly unreasonable.

For the foregoing reasons, we vacate Brown's sentence and remand to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>