**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4519**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KRYSTAL EILEEN SISLER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:14-cr-00020-JPB-MJA-4)

Submitted: January 26, 2017          Decided: March 1, 2017

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia, Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Krystal Eileen Sisler appeals the district court's judgment sentencing her to 37 months' imprisonment following revocation of her probation. On appeal, Sisler contends that her sentence is plainly unreasonable. We affirm.

Upon revoking a defendant's probation, a district court has broad discretion to impose a sentence up to the statutory maximum. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). We apply the same standard for reviewing a sentence imposed on revocation of probation that we employ for reviewing a sentence imposed on revocation of supervised release. Id. at 655. We will affirm a revocation sentence if it is within the statutory maximum and is not "plainly unreasonable." Id. at 656. To determine whether a revocation sentence is plainly unreasonable, we first assess whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

Reasonableness review involves both procedural and substantive components. In conducting this review, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." Moulden, 478 F.3d at 656 (internal quotation marks omitted). A probation revocation sentence is procedurally reasonable if the district court considers the

2

Sentencing Guidelines' Chapter Seven advisory policy statement range and explains the sentence adequately after considering the policy statements and the 18 U.S.C. § 3553(a) (2012) sentencing factors. Moulden, 478 F.3d at 656-57; see 18 U.S.C. § 3565(a) (2012). It is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440; see also United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (sentencing explanation in revocation context "need not be as detailed or specific" as is required for an original sentence). Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439.

The revocation statutes make clear that courts "shall consider" the "applicable guidelines or policy statements issued by the Sentencing Commission" in rendering a sentence. 18 U.S.C. § 3553(a)(4)(B); Moulden, 478 F.3d at 656. Sisler's original sentence reflected a downward departure from the original 30- to 37-month Guidelines range to an 18- to 24-month Guidelines range and a subsequent downward variance to probation. At the revocation hearing, defense counsel noted that Sisler had no criminal history points, mentioned her original downward departure Guidelines range was 18 to 24

3

months, and stated that her Chapter 7 policy statement range was 3 to 9 months. Describing Sisler as a nonviolent, first-time drug offender, defense counsel argued that a sentence within or above the original Guidelines range would be excessive and unnecessary. Counsel requested a sentence of imprisonment only long enough for Sisler to gain admittance to a residential drug treatment facility. The Government argued for the same sentence it sought at the original sentencing: 18 months' imprisonment, the low end of Sisler's downward departure Guidelines range.

In announcing Sisler's 37-month sentence, the district court explained that it "varied upward" from what either party requested to a term within the original Guidelines range calculated before the downward departure and variance. By acknowledging the sentences requested by each party, the district court demonstrated that it considered the parties' arguments, which included discussions of the applicable policy statements and advisory Guidelines. Cf. United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (determining that revocation sentence was procedurally reasonable when, although not mentioning advisory policy statement range, court referenced range specified in probation officer's worksheet and counsel's argument, thus demonstrating that the court contemplated the policy statement range).

4

Sisler also contends that the court failed to explain its consideration of the § 3553(a) sentencing factors. Although the district court did not specifically mention 18 U.S.C. § 3553(a) in imposing the sentence, it was not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). We conclude that the district court's explanation reflected that it evaluated the proper § 3553(a) factors relevant to Sisler, namely the nature and circumstances of Sisler's conduct that violated the conditions of her probation. See 18 U.S.C. §§ 3553(a)(1), 3565(a). The court's remarks that Sisler was unwilling or unable to follow the protocol of probation demonstrate that it considered the need for the revocation sentence to sanction Sisler's breach of the court's trust. See U.S. Sentencing Guidelines Manual USSG ch. 7, pt. A, introductory cmt. 3(b), p.s. (2014) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust.").

Lastly, Sisler takes issue with the district court's conclusion that her conduct presented a danger to herself and to others, claiming that this amounted to clearly erroneous fact finding. Our review of the record on appeal leads us to conclude that the district court's findings are supported by the record.

Because Sisler's revocation sentence is not procedurally or substantively unreasonable, it is not plainly unreasonable. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED