**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4715**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRED LOUIS GERTH, III,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:06-cr-00040-FL-1)

—————————

Submitted: March 8, 2013          Decided: March 14, 2013

—————————

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Louis Gerth, III, appeals the district court's judgment revoking his supervised release and imposing a twenty-four-month prison term. Gerth challenges this sentence, arguing that it is plainly unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C.A. § 3583(e) (West 2006 & Supp. 2012); Crudup, 461 F.3d at 439. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should

2

receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

In this case, there is no dispute that Gerth's twenty-four-month prison sentence does not exceed the applicable statutory maximum sentence of two years' imprisonment, 18 U.S.C. § 3559(a) (2006); 18 U.S.C.A. § 3583(e)(3), and Gerth does not assert that the district court committed any procedural errors. Rather, he contends that his sentence is substantively unreasonable in light of his need for mental health treatment.

After review of the parties' briefs and the record, we conclude that the twenty-four-month prison sentence, although above the advisory policy statement range of four to ten months' imprisonment, is not unreasonable. The district court considered the advisory policy statement range and the arguments of Gerth's counsel for a sentence below that range. It is apparent that the court also considered relevant § 3553(a) factors, addressing on the record the nature and circumstances of Gerth's violative behavior and the need for the sentence to protect the public and to deter Gerth. 18 U.S.C. § 3553(a)(1), (2)(B)-(C). The court's comments also indicate that it imposed

3

a sentence above the policy statement range as a result of Gerth's breach of trust, despite prior lenient treatment. See U.S. Sentencing Guidelines Manual Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). We conclude that the district court adequately explained its rationale for imposing the twenty-four-month prison sentence and relied on proper considerations in doing so. Based on the broad discretion that a district court has to revoke a term of supervised release and impose a prison term up to and including the statutory maximum, Gerth's revocation sentence is not unreasonable. Therefore, we conclude that Gerth's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED