**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4764**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ANTONIO DEMON BLEVINS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:12-cr-00217-FL-1)

Submitted:  March 8, 2013              Decided:  April 5, 2013

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Demon Blevins appeals his fourteen month sentence imposed following the revocation of his supervised release. Blevins claims that his sentence is plainly unreasonable because the district court impermissibly considered promoting respect for the law during its imposition. 18 U.S.C. § 3553(a)(2)(A) (2006). After careful review of the record, we affirm.

A district court has broad discretion when imposing sentence upon revoking a term of supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm such a sentence if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. Only if we so find, will we "then decide whether the sentence is plainly unreasonable, relying on the definition of 'plain' that we use in our 'plain' error analysis." Id. at 439.

Because Blevins did not allege the district court's improper reliance on 18 U.S.C. § 3553(a)(2)(A) below, he must also satisfy the additional requirements of plain error review. See United States v. Bennett, 698 F.3d 194, 199-200 (4th Cir. 2012) (unpreserved claim that district court considered

2

impermissible factor when imposing revocation sentence is reviewed for plain error), cert. denied, __ U.S. __, 2013 WL 359745 (U.S. Mar. 4, 2013). Accordingly, Blevins must show that 1) the district court erred, 2) the error is clear and obvious, and 3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Blevins has not met these requirements.

As Blevins correctly notes, 18 U.S.C. § 3583(e) (2006) mandates that a district court consider a majority of the factors listed in 18 U.S.C. § 3553(a) when imposing a revocation sentence. 18 U.S.C. § 3583(e). Omitted from § 3583(e), however, are the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). Accordingly, a district court may not impose a revocation sentence based predominantly on such considerations. Crudup, 461 F.3d at 439. To do so contravenes the U.S. Sentencing Commission's direction that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2010).

Here, the district court's explanation of Blevins' sentence does not indicate a plainly improper reliance on

3

§ 3553(a)(2)(A). Although the district court uttered a single, passing reference to promoting respect for the law, it is clear that the comment was made in reference to the court's consideration of Blevins' repeated attempts to evade his probation officer and refusal to willingly accept responsibility for his conduct. Accordingly, the court's challenged phrasing clearly and properly referred to the need to punish Blevins' violation of the court's trust. In addition, the district court properly considered the need to deter similar conduct when it imposed Blevins' sentence. Thus, we find no violation of § 3583(e), plain or otherwise.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED