**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4843**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

MISTY DAWN EVANS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, Chief District Judge.  (3:08-cr-00272-1)

_____

Submitted:  March 28, 2013              Decided:  April 9, 2013

_____

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Meredith George Thomas, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Misty Dawn Evans was sentenced to twenty-four months in prison following the revocation of her supervised release. She appeals, arguing that her sentence is plainly unreasonable because it is greater than necessary to serve the purposes of supervised release. We affirm.

The district court has broad discretion in selecting the sentence to impose upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). This court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437–40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." Thompson, 595 F.3d at 546.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states "a proper basis" for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If,

2

after considering the above, we decide that the sentence is not unreasonable, we will affirm. Id. at 439. Only if this court finds the sentence unreasonable must it decide whether it is "plainly" so. Id. at 439

With these principles in mind, we have reviewed the record and the parties' briefs and find no error. We therefore conclude that Evans' twenty-four-month sentence is not plainly unreasonable and, accordingly, affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED