**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4945**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

MICHAEL DOW,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:03-cr-00058-1)

———————

Submitted: April 3, 2013          Decided: May 1, 2013

———————

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dow appeals the district court's order revoking his supervised release and sentencing him to a twelve-month term of incarceration and a four-year term of supervised release. On appeal, Dow argues that the district court imposed a plainly unreasonable sentence. Finding no reversible error, we affirm.

In examining a sentence imposed upon revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). A sentence imposed upon revocation of supervised release should be affirmed if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).[*] In reviewing a revocation sentence, we first consider "whether the sentence is unreasonable," following the same general principles we apply to our review of original sentences. Id. at 438. Only if we find that a sentence is

[*] To the extent Dow asks this court to revisit the standard of review established in Crudup, we decline to do so. See United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011) (stating that one panel of this court cannot overrule precedent set by another panel).

2

either procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2006) factors, see 18 U.S.C. § 3583(e) (2006), and the policy statements set forth in Chapter Seven of the U.S. Sentencing Guidelines Manual ("USSG") (2012). Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks omitted).

Dow first argues that his sentence is plainly unreasonable because the district court impermissibly considered the need to provide just punishment when imposing his sentence. See 18 U.S.C. § 3553(a)(2)(A). Because Dow did not challenge in the district court that court's improper reliance on § 3553(a)(2)(A), he must satisfy the additional requirements of plain error review. United States v. Hargrove, 625 F.3d 170,

3

183-84 (4th Cir. 2010); see United States v. Olano, 507 U.S. 725, 732-34 (1993) (providing plain error standard). Dow has not met these requirements.

As Dow correctly notes, 18 U.S.C. § 3583(e) mandates that a district court consider a majority of the factors listed in § 3553(a) when imposing a revocation sentence. Omitted from § 3583(e), however, are the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. See id. §§ 3553(a)(2)(A), 3583(e). Accordingly, a district court may not impose a revocation sentence based predominantly on such considerations. Crudup, 461 F.3d at 439. To do so contravenes the U.S. Sentencing Commission's direction that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A(3)(b).

Here, the district court's explanation of Dow's sentence does not indicate a plainly improper reliance on § 3553(a)(2)(A). Although the court considered a prohibited factor under § 3583(e), our review of the record reveals that, when imposing Dow's revocation sentence, the district court emphasized Dow's breach of trust, focusing on the opportunities Dow had squandered in the past and his persistent drug use

4

despite those opportunities. See 18 U.S.C. § 3553(a)(1) (allowing court to consider nature and circumstances of offense and history and characteristics of defendant); United States v. Bennett, 698 F.3d 194, 201 (4th Cir. 2012), cert. denied, ___ S. Ct. ___, 2013 WL 359745 (Mar. 4, 2013) (upholding sentence when prohibited factor "constituted only a minor fragment of court's reasoning" and when court's "concern with [the defendant's] breach of trust . . . far outweighed any other concerns"). In addition, the district court considered several other permissible factors under § 3583(e).

Dow also argues that his sentence is plainly unreasonable because it does nothing to address his drug addiction. We conclude that the record belies his claim. Given the broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum, Dow's sentence is reasonable. See Crudup, 461 F.3d at 439 (stating that, if sentence is reasonable, inquiry ends).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED