**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4832**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICO C. AERY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00376-RJC-2)

Submitted:  July 31, 2013        Decided:  August 23, 2013

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Steven A. Feldman, FELDMAN & FELDMAN, Uniondale, New York, for Appellant.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rico C. Aery appeals the district court's judgment revoking his supervised release and sentencing him to six months' imprisonment, followed by a new two-year term of supervised release. Aery contends that his six-month revocation sentence is unreasonable because the court failed to explain adequately its reasons for imposing a sentence of that length. He also argues that the court improperly extended the new term of supervised release to accommodate his drug rehabilitation. We affirm in part and dismiss in part.

On February 19, 2013, while this appeal was pending, Aery was released from incarceration and began serving his new term of supervised release. We may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). Because Aery has already served his term of imprisonment and has not identified any collateral consequences of it, there is no longer any live controversy regarding the length of his confinement. Therefore, his challenge to the active prison sentence is moot. See United States v. Hardy, 545 F.3d 280, 283-84 (4th Cir. 2008).

However, because Aery is still serving a new term of supervised release, we retain jurisdiction to review the district court's decision to impose a two-year term of supervised release. Aery contends that the district court erred by considering his efforts at drug rehabilitation to determine that a two-year term of supervised release was appropriate.[*] We will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, [the Court] must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); see United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if this court finds the sentence unreasonable must the court decide whether it is "plainly" so. Moulden, 478 F.3d at 657.

Aery asserts that the new term of supervised release is unreasonable because the district court extended it to two

---

[*] The government maintains that Aery did not preserve this issue for appeal, while Aery argues that his question to the court ("I'm getting 2 years probation after I do the 6 months incarcerated?") functioned as an objection that preserved for appeal his challenge to the length of the new term of supervised release. We agree that Aery's question did not amount to an objection. However, his claim fails under either the plain error test, United States v. Olano, 507 U.S. 725, 732 (1993), or the plainly unreasonable test set out above.

3

years to accommodate his drug rehabilitation. He argues that the sentencing court may not lengthen a sentence to promote the defendant's drug treatment or other rehabilitation, citing <u>Tapia v. United States</u>, 131 S. Ct. 2382 (2011). His argument is inapposite for the following reasons.

Because Aery's original offense was a Class C felony, under 18 U.S.C. § 3583(b)(2), (h) (2006), the court was authorized to impose a new term of supervised release of up to thirty-six months less any term of imprisonment imposed upon revocation of supervised release, which in Aery's case meant a term of up to thirty months was authorized by statute. Aery did not request that the court forego a new term of supervised release, impose a new term of less than two years, or address that aspect of his sentence at all.

Further, the rationale used in <u>Tapia</u>, that imprisonment is not an appropriate way to promote a defendant's rehabilitation, does not appear to prohibit a district court from relying on a defendant's rehabilitative needs in choosing to impose a supervised release term or in determining the length or manner of supervision.

We therefore affirm the district court's judgment, but dismiss the appeal as moot to the extent that Aery seeks to challenge his expired sentence of incarceration. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>