**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4856**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS LORENZO GASKINS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:03-cr-00015-F-1)

---

Submitted: July 24, 2014        Decided: July 28, 2014

---

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Lorenzo Gaskins appeals from the district court's judgment revoking his supervised release and sentencing him to six months in prison, followed by a new two-year term of supervised release. Although Gaskins does not challenge the district court's revocation decision or his six-month sentence, he asserts that the additional two-year supervised release term was greater than necessary and should be vacated. Finding no error, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); see United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if this court finds the sentence unreasonable must the court decide whether it is "plainly" so. Moulden, 478 F.3d at 657.

Gaskins does not dispute that the district court was authorized by law to impose upon him an additional supervised release term. See 18 U.S.C. § 3583(b), (h) (2012). Instead, Gaskins asserts only that the additional supervised release term rendered the sentence substantively unreasonable because he has

"taken several significant steps to challenge the root cause of his criminal conduct[,]" and has "added additional stabilizing influences into his life[.]"  We have reviewed the relevant portions of the district court record and have considered the parties' arguments and find no reversible error in the district court's imposition of the additional supervised release term.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED