**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4415**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TALBERT FOSTER DEHAVEN, III,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:13-cr-00042-GMG-JES-1)

—————————

Submitted: October 16, 2014      Decided: October 20, 2014

—————————

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Talbert Foster DeHaven, III, appeals from the district court's judgment imposing a six-month term of imprisonment following his guilty plea to possession of an imitation United States Marshal badge, 18 U.S.C. § 701 (2012). He argues that the district court relied on facts not proved by a preponderance of the evidence, namely that he was a felon in possession of a firearm, and that his sentence is substantively unreasonable. Finding no error, we affirm.

We review a sentence for which there is no applicable advisory Guidelines provision "under the 'plainly unreasonable' standard." United State v. Finley, 531 F.3d 288, 294 (4th Cir. 2008). Because the maximum sentence is not more than six months for a Class B misdemeanor such as the conviction here, the Guidelines are not applicable. See United States v. Johnson, 410 F.3d 137, 150 (4th Cir. 2005); U.S. Sentencing Guidelines Manual § 1B1.9 (2013).

Under "plainly unreasonable" review, we first determine whether the sentence imposed is unreasonable, "tak[ing] a more deferential appellate posture concerning issues of fact and the exercise of discretion" than when reviewing a Guidelines sentence. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). If the sentence is unreasonable, we must then determine whether it is

2

plainly so.  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).  "[F]or purposes of determining whether an unreasonable sentence is plainly unreasonable, plain is synonymous with clear or, equivalently, obvious."  United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks and alteration omitted).

After review of the record, we conclude that DeHaven's sentence is not unreasonable, much less plainly so.  While the district court initially believed DeHaven possessed a firearm as a felon, the Government noted that it recovered only a facsimile firearm and indicated its belief that DeHaven possessed this fake weapon while carrying the imitation badge.  When the district court explained its sentence, it highlighted DeHaven's extensive criminal history, his conduct in this case, his lack of remorse, and his failure to acknowledge the serious nature of his conduct.  The court explained that it considered DeHaven's impersonation of a Marshal, particularly while carrying what purported to be a firearm, to be very serious and a potential danger to members of the community.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

3