**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4941**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

MARCUS STEVE BASKERVILLE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:02-cr-00410-CCB-4)

———————

Submitted:  May 28, 2015           Decided:  June 1, 2015

———————

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Andrea L. Smith, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In the proceedings below, the district court found that Marcus Baskerville violated certain conditions of his supervised release, revoked his release, and sentenced him to thirty months of imprisonment. On appeal, Baskerville claims that the sentence imposed by the district court was plainly unreasonable because the court did not adequately consider the applicable policy statement range in Chapter Seven of the United States Sentencing Guidelines Manual. We find no merit in this contention and we therefore affirm.

We review "whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not plainly unreasonable." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) (internal quotation marks omitted). Thus, for us to reverse, any error by the district court must not only be unreasonable, "it must run afoul of clearly settled law." Id. at 548.

In reviewing a revocation sentence for reasonableness, we take "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). The district court "need not be as detailed or specific when

2

imposing a revocation sentence as it must be when imposing a post-conviction sentence." Thompson, 595 F.3d at 547.

At the same time, "the district court's obligation to provide some basis for appellate review when imposing a revocation sentence, however minimal that basis may be," is settled. Id. at 548. In that vein, "the sentencing court must consider the policy statements contained in Chapter 7, including the policy statement range, as helpful assistance." Moulden, 478 F.3d at 656 (internal quotation marks omitted). But "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted).

We have reviewed the record and conclude that Baskerville's sentence was neither plainly nor otherwise unreasonable. While the district court did not resolve a disputed question about the applicable policy statement range, it clearly and extensively considered the two potentially applicable policy statement ranges (as well as the factors contained in 18 U.S.C. § 3553 (2012)), in fashioning a sentence beneath the statutory maximum. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>